# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

**LAKETTA STATEN,**

     **Plaintiff,**

     **vs.**

**AEROTEK, INC.,**

     **Defendant.**

_____

)
)
) **CIVIL ACTION NO.:**
)
)
) **JURY TRIAL DEMANDED**
)
)
)
) *ELECTRONICALLY FILED*
)

## COMPLAINT

Plaintiff, Laketta Staten, a resident of Franklin County, Pennsylvania, by and through her attorneys brings this civil action for damages against the above-named Defendant, Aerotek, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.    This Complaint alleges illegal discrimination on the basis of Plaintiff's race, as well as retaliation, in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981 ("Section 1981").

2.      Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367, in that this District Court for the Middle District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.* ("PHRA").

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4.      Plaintiff, Laketta Staten ("Ms. Staten"), is an African American adult individual residing in Franklin County, Pennsylvania.

5.      Defendant, Aerotek, Inc. ("Defendant") is a Maryland corporation with corporate headquarters located at 7301 Parkway Drive, Hanover, Maryland.

6.      At all times relevant and material hereto, Defendant maintained a business location at 417 Village Drive, Carlisle, Cumberland County, Pennsylvania.

7.      At all times material and relevant hereto, Defendant employed at least fifteen (15) individuals, and was an employer as defined by Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about September 14, 2022, Ms. Staten filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was docketed as Case No. 530-2022-07057, with instructions to be cross-filed with the Pennsylvania Human Relations Commission.

9. Ms. Staten has been advised by the EEOC of her right to sue in federal court, which notice was received on or about November 13, 2023.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Ms. Staten was employed by Defendant as a Field Ops Associate at its location in Carlisle, Pennsylvania.

12. At all relevant times hereto, Ms. Staten was one of only two women of color employed at Defendant's Carlisle location.

13. Ms. Staten performed her duties as a Field Ops Associate competently.

14. Throughout her tenure with Defendant, Ms. Staten was subjected to disparate treatment on the basis of her race from her supervisor, Terry (last name unknown).

15. Among other things, Terry would hold Ms. Staten to higher standards than her Caucasian counterparts and regularly degrade and discipline her for mistakes commonly made by Field Ops Associates.

16.     Terry would not discipline and degrade Caucasian Field Ops Associates for the same behaviors.

17.     In or about August of 2022, Ms. Staten complained to her Recruiting Manager, Stephanie (last name unknown), of Terry's discriminatory behavior and disparate treatment.

18.     Terry responded to this complaint by terminating Ms. Staten on a baseless pretext on or about August 24, 2022.

19.     Defendant's true reason for terminating Ms. Staten was to retaliate against her for the complaint of racial discrimination.

## COUNT I

**Title VII Violations**
**Disparate Treatment**

20.     All prior paragraphs are incorporated herein as if set forth fully below.

21.     Defendant created, permitted, tolerated, encouraged, and fostered a racially discriminating, demeaning, degrading, and demoralizing environment, which hostile work environment was ongoing and pervasive during Ms. Staten's employment with Defendant.

22.     As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Ms. Staten was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability

to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

23.   As a result of the hostile environment, Ms. Staten has suffered emotional distress and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

24.   The actions of Defendant set forth above constitute violations of Ms. Staten's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damage set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## <u>COUNT II</u>

### Title VII Violations: Retaliation

25.   All prior paragraphs are incorporated herein as if set forth fully below.

26.   As set forth above, Ms. Staten was terminated from employment in retaliation for her good faith complaint of discrimination, in violation of her federal civil rights under Title VII.

27.   Defendant's wanton and willful acts of retaliation against Ms. Staten have caused her to suffer a loss of earnings and other economic loss, as well as emotional distress and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### Count III

**Violations of Section 1981**
**Discrimination and Harassment**

28.   All prior paragraphs are incorporated herein as if set forth fully below.

29.   At all times relevant herein, Ms. Staten maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

30.   At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Ms. Staten on the basis of her race and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

33.   Ms. Staten has suffered damages as a direct result of Defendant's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

### Violations of Section 1981
### Retaliation

31.     All prior paragraphs are incorporated herein as if set forth fully below.

32.     At all times relevant herein, Ms. Staten maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

33.     As set forth above, Defendant terminated Ms. Staten in retaliation for her good faith complaint of race discrimination in violation of her federal civil rights under Section 1981.

34.     Defendant's wanton and willful acts of retaliation against Ms. Staten have caused her to suffer a loss of earnings and other economic loss, as well as emotional distress and a loss of self-respect and confidence, and she has been subjected to great damage to his career and professional standing.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damages set forth in *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT V

### Violations of the PHRA
### Hostile Work Environment

35.     All prior paragraphs are incorporated herein as if set forth fully below.

7

36.     This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count V arises out of the same facts, events, and circumstances as Counts I-IV, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

37.     By subjecting Ms. Staten to racial harassment, Defendant violated the provisions of the PHRA which prohibit harassment based upon race with respect to the continuation and tenure of employment.

38.     By failing to take any meaningful or effective action to curtail the racial discrimination against Ms. Staten, Defendant violated the PHRA.

39.     As more fully set forth above, Ms. Staten was subjected to economic loss, emotional and physical distress, humiliation, and embarrassment by Defendant's race-based harassment, all of which was manifested in mental and physical distress, injury, and damage.

40.     As more fully set forth above, Ms. Staten has suffered a loss of earnings, emotional distress, and a loss of self-confidence, and has been subjected to great damage to his career and professional standing.

41.     The actions of Defendant set forth above constitute violations of the PHRA.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damages set forth in

*Ad Damnum* clause of the instant Complaint, *infra*.

**COUNT VI**

**Violations of the PHRA**
**Retaliation**

42.    All prior paragraphs are incorporated herein as if set forth fully below.

43.    As set forth above, Defendant terminated Ms. Staten in retaliation for her good faith complaint of race discrimination in violation of her rights under the PHRA.

44.    Defendant's wanton and willful acts of retaliation against Ms. Staten have caused her to suffer a loss of earnings and other economic loss, as well as emotional distress and a loss of self-respect and confidence, and she has been subjected to great damage to his career and professional standing.

**WHEREFORE**, Plaintiff, Laketta Staten, seeks the damages set forth in *Ad Damnum* clause of the instant Complaint, *infra*.

***AD DAMNUM* CLAUSE/PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Laketta Staten, prays that the court enter judgment in his favor and against Defendant, Aerotek, Inc., and that it enter an Order as follows:

a.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and is to be ordered to promulgate an

9

effective policy against such discrimination and retaliation and to adhere thereto;

b.   Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits hse would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

c.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

d.   Plaintiff is to be awarded punitive damages as permissible by statute;

e.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

g.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to her in light of the caps on certain damages set forth in applicable law;

h.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

i.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: February 2, 2024

*/s/Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/Larry A Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B

Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*